# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CR679 HEA |
| | ) | |
| KATHERINE MOCK and ELAIN KAY | ) | |
| YOUNG, | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Reports and Recommendations of

Magistrate Judge David D. Noce addressing Defendants' Motions to Suppress

Statements and Physical Evidence, (Doc. No.'s 19, 29 (oral), 96, 97, 98, and 175);

Motions to Sever Co-Defendants for Separate Trials (Doc. No.'s 90 and 95);

Defendant Young's Motion to Dismiss the Indictment, (Doc. No. 99); Defendant

Young's Motion to Strike Surplusage from the Indictment, (Doc. No. 100);

Defendant Young's Motion for an Order Directing the Government to Choose its

Theory of Prosecution, (Doc. No. 101) and the Government's Oral Motions for

Determinations by the Court of the Admissibility of Any Arguably Suppressible

Evidence, (Doc. No.'s 20 and 30). In his March 14, 2011 Report and

Recommendation, Judge Noce recommends that (a) the motion of defendant Elain

Kay Young to dismiss the indictment (Doc. 108) be denied;

(b) the motion of defendant Elain Kay Young to strike paragraphs 10(v), 10(x), and 10(y) from the superseding indictment as surplusage (Doc. 100) be sustained;

(c) the motion of defendant Elain Kay Young to require the government to choose a theory of prosecution (Doc. 101) be denied; (d) the motion of defendant Elain Kay Young to sever the defendants for separate trials (Doc. 90) be denied;

(e) the motion of defendant Katherine Mock to sever the defendants for separate trials (Doc. 95) be denied.   In the Report and Recommendation entered on March 24, 2011, Judge Noce recommends that the Motions to Suppress filed by both defendants be denied, and that the Government's Oral Motions for a determination by the Court of the Admissibility of Arguably Suppressible Evidence be denied as moot.  Both Defendants have filed written objections to Judge Noce's Reports and Recommendations.  When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected.  See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).  Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Reports and Recommendations to which Defendants object.  The Court has reviewed the entire record, including the audio recordings and the transcripts of the hearing held on October 21 and 22, 2010.

## **Motion to Sever**

Defendants both object to Judge Noce's recommendation that the motions to sever be denied. Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." All defendants need not be charged in each count, and the prerequisites are liberally construed in favor of joinder. *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004). "Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial." *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008), (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir.2004)).

A district court may sever the jointly indicted defendants' trials if joinder appears to prejudice a defendant or the government. Fed.R.Crim.P. 14(a). "To grant a motion for severance, the necessary prejudice must be severe or compelling." *Liveoak*, 377 F.3d at 864 (quoting *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.2003)) (internal quotations omitted). Severance becomes necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to the separate defendants. *United States v. Bauer*, 551 F.3d 786, 791 (8th Cir.2008). See also, *United States v.*

*Jenkins-Watts*, 574 F.3d 950 (8th Cir. 2009).

"Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *Flores*, 362 F.3d at 1039. Despite the judicial preference for joint trials, if the joinder appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. See Fed.R.Crim.P. 14(a); *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir.1999). "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" *Pherigo*, 327 F.3d 690, 693 (8th Cir.2003).

Regarding Defendant's antagonistic defenses argument, "[a]ntagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir.2010). Further, "[m]utually antagonistic defenses are not prejudicial per se," and Rule 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* See also *United States v. Payton*, 636 F.3d 1027(8th Cir.2011).

In the matter before the Court, as the government points out, jury instructions will properly guide the jury on the use of evidence jurors hear in this case and the jurors will clearly be able to compartmentalize the evidence against one or the other defendant.

Regarding Defendant Young's objections that redaction will not eliminate prejudice to Defendant Young, as Judge Noce discusses, the Court's cautionary instructions will enable the jurors to weigh and compartmentalize evidence as it applies to the individual defendants. Moreover, Defendant's arguments at this point fail to establish that severance is necessary. While the Court agrees that judicial economy is an important consideration in determining whether to sever the trials of these Defendants prior to the commencement of the trial, the Court believes that the record before the Court at this time establishes that the rights of both Defendants will effectively maintained and protected without severance. The motions to sever, will therefore be denied at this time. Defendants may renew their motions upon a further showing that Rule 14 mandates severance.

## Motion to Dismiss the Indictment

Defendant Young argues that the indictment herein must be dismissed since the use of the mails alleged in the indictment occurred subsequent to the death of Mr. Griesbauer. Judge Noce thoroughly discusses 18 U.S.C. § 1958(a), and the legislative history accompanying it. As Judge Noce carefully and meticulously

analyzes, Section 1958(a) does not specifically require use of the mails prior to the murder. Such form over substance argument mocks the very essence of the wrong Section 1958(a) criminalizes. The objections to Judge Noce's recommendation that the Motion to Dismiss the Indictment be denied is overruled.

### Motions to Suppress

Both Defendants object to Judge Noce's conclusions that the physical evidence and statements should not be suppressed. Defendant Young takes issue with Judge Noce's conclusion that "just four" of the officers present at the scene testified that no search took place prior to the issuance of the warrant. However, the veracity of four testifying officers as to whether a warrantless search occurred at the scene has not been refuted. While Defendant Young argues that this evidence is insufficient, there is no evidence to establish contrary to the officers' consistent testimony that a warrantless search did not occur.

Likewise, Judge Noce's conclusion that seeking life insurance policy's are such a prevalent economic fact in most people's lives that the issuing court, in the circumstances described by Wilhoit's affidavit, could reasonably find probable cause to believe it existed on Griesbauer's life, that it presented a financial motive for killing him, and that a policy would be found in his home is not in any way negated by Defendant Young's argument that "Wilhoit's testimony is suspect in light of the fact that this was the first time he ever sought a search warrant in a

murder investigation." Clearly, Defendant Young does not suggest that investigating officers put aside prevalent economic factors in today's society such that seeking same would not provide probable cause to believe a life insurance policy existed and would present a financial motive for killing Mr. Griesbauer.

Defendant Young argues that Corporal Wilhoit's affidavit contained false and misleading statements. Upon close examination, however, the Court agrees with Judge Noce that any arguably "false" statements were unintentional and immaterial. Defendant Young's arguments to the contrary once again fail to establish that the statements which she contends are false materially effected the search warrant.

This Court agrees with Judge Noce's discussion of the retroactivity of *Arizona v. Gant*, 129 S.Ct 1710, therefore, Defendant Young's objections to Judge Noce's conclusions regarding the seizure of the notebook are overruled.

Defendant Mock objects to Judge Noce's conclusion that the seizure of "all firearms and ammunition" was not over broad. However, as Judge Noce discusses, the affidavit discusses not only the rifle, but a pistol and spent large caliber rifle ammunition. Given such involvement of firearms in the affidavit, it was not over broad to authorize a search for firearms and ammunition.

Defendant Mock also objects to Judge Noce's conclusion that the search for

"any paperwork, documents, letters, [and] statements indicating a business or personal relationship between Kathy Mock and Elain Kay Young was not overbroad, is overruled. Defendant Mock argues that the officers were "unleashed" to peruse every inch of Mock's home without limitation based on the search warrant. This argument, however, is discredited, as Judge Noce discusses. In his affidavit, Sgt. Hall detailed his findings regarding the events before, during and after the commission of the alleged crime. From these findings, there was sufficient probable cause to believe that the relationship between the defendants existed at Defendant Mock's residence.

While Defendant Mock also argues that the search and seizure of her computer equipment and accessories was overbroad as well, Judge Noce carefully analyzes Sgt Hall's affidavit and sufficiently details exactly why the search and seizure was not over broad.

Defendant Mock also objects to Judge Noce's conclusion that the Wal-Mart receipt for the ski mask was properly seized pursuant to the warrant. While the search warrant did not specifically authorize the seizure of the receipt, as Judge Noce correctly concludes, the officers were lawfully on the premises executing the search warrant and were authorized to seize prescription documents. When doing so, they came across the receipt, the criminal nature of which was immediately apparent. As such, as discussed in the Report, based upon applicable law,

suppression is not mandated.


## Statements

Both Defendants argue that their statements should be suppressed for failure of the officers to provide *Miranda* warnings. This Court has carefully reviewed the entire record and agrees in the entirety with Judge Noce's analysis of the circumstances surrounding the conversations. Neither Defendants' arguments raise any question that they were not in custody at the time of the interviews. Defendants' objections, are therefore overruled.

## Buccal swabs

Defendant Mock objects to Judge Noce's conclusion that the Buccal swabs taken from her were obtained without valid consent. Defendant Mock's objection is without merit. Defendant Mock argues that Judge Noce's discussion of this issue proceeds from the inaccurate factual premise that Sheriff Leonard Clark told Ms. Mock that he wanted samples of her saliva and hair "to obtain their DNA for investigation." Defendant Mock argues that in reality, Sheriff Clark stated that he told Ms. Mock, and Ms. Young, that he wanted the DNA for the purposes of "elimination in case we found anything we need to compare." As Judge Noce discusses, the Consent Search Authorization clearly details that anything of

evidentiary value may be used against Defendants.  While Defendant Mock argues that this is "boilerplate" language that was effectively negated by what was said, there is no evidence whatsoever to indicate that the officers mislead Defendants into disregarding the clear warnings that indicated use of incriminating evidence. The objections are therefore overruled.

Based upon the foregoing, the Court agrees with Judge Noce's conclusions in their entirety.  The Reports and Recommendations are adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Elain Kay Young to dismiss the indictment (Doc. 108) is **DENIED**;

**IT IS FURTHER ORDERED** that the motion of defendant Elain Kay Young to strike paragraphs 10(v), 10(x), and 10(y) from the superseding indictment as surplusage (Doc. 100) is sustained;

**IT IS FURTHER ORDERED** that the motion of defendant Elain Kay Young to require the government to choose a theory of prosecution (Doc. 101) be **DENIED**;

**IT IS FURTHER ORDERED** that the motion of defendant Elain Kay Young to sever the defendants for separate trials (Doc. 90) is **DENIED**;

**IT IS FURTHER ORDERED** that the motion of defendant Katherine

Mock to sever the defendants for separate trials (Doc.'s 95 and 264) are **DENIED**.

 **IT IS FURTHER ORDERED** that the Motions to Suppress filed by both defendants are **DENIED**,

 **IT IS FURTHER ORDERED** that the Government's Oral Motions for a determination by the Court of the Admissibility of Arguably Suppressible Evidence is denied as moot.

 Dated this 27th day of October, 2011.


_____

 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE